# Eisenberg v. Penn Traffic Company

*Margolis & Coppersmith,* for plaintiffs.
*Harkins & Wharton,* for defendant.

GRIFFITH, J., December 13, 1955.—The wife-plaintiff filed a complaint alleging that she was injured by slipping on a stairway in defendant's store and that defendant was negligent: (a) in failing to provide a safe stairway; (b) in allowing slippery materials to accumulate on the stairway, and (c) in failing to make a reasonable inspection.

Defendant filed preliminary objections demanding a more specific complaint. On November 3, 1955, defendant's preliminary objections were sustained, and the complaint dismissed unless an amended complaint be filed within 20 days after questions raised on plaintiffs' notice for discovery had been disposed of. We felt that plaintiffs' complaint was too vague and that plaintiffs could obtain some of the information necessary to make it more specific by discovery: Fry v. Minnich, 44 Berks 109. Defendant now finds itself in the position of one demanding more specification of plaintiffs but being unwilling to submit to discovery in order to aid plaintiffs in meeting its demands.

On October 12, 1955, plaintiffs' counsel gave notice under Pa. R. C. P. 4007 of their intention to take the oral depositions of Richard Goff and S. H. Heckman. Although it does not appear on the record, it was revealed at the oral argument that S. H. Heckman is the president of the defendant company and that Richard Goff is the manager of the department in which the stairway is located upon which the wife-plaintiff is alleged to have fallen.

The notice fixed the offices of plaintiffs' counsel as

the place, and October 20, 1955, at 2 p.m. as the time for the taking of the oral depositions. It averred that the discovery proceedings will substantially aid plaintiffs in preparing for trial because it is necessary for them to determine, (a) the notice defendant had as to the unsafe stairway, (b) what inspections were made by defendant so as to maintain the stairway in a safe condition, and (c) what information Goff and Heckman had as to the actual condition of the stairway at the time of the accident.

Defendant filed a motion under Pa. R. C. P. 4012 for the court to enter an order that the depositions requested in the notice should not be taken. In support of its motion, defendant advanced six reasons: (1) That the depositions should not be taken at the office of plaintiffs' counsel; (2) that the shape, form, contour and physical condition of the stairway itself were matters concerning which plaintiffs had as much knowledge as defendant; (3) that the individuals whom plaintiffs desire to examine orally are not parties to the action; (4) that plaintiffs have already alleged facts in their complaint showing that they are aware of such facts, or have the means of obtaining them; (5) that the oral examination desired by plaintiffs would disclose information secured in anticipation of litigation or in preparation for trial, and (6) that section 13 of the Act of June 16, 1836, P. L. [1835-1836] 784, 17 PS §282, as supplemented by the Act of February 14, 1857, P. L. 39, 17 PS §283, which provides for a bill of discovery, was not suspended by the Act of June 21, 1937, P. L. 1982, as amended by the Act of March 30, 1939, P. L. 14, 17 PS §61, which act gave the Supreme Court of Pennsylvania the power to prescribe rules of civil procedure, and that consequently the only remedy for discovery now open to plaintiffs is by the Act of 1836, as supplemented, since the Pennsylvania Rules of Civil Procedure relating to discovery

abridge, enlarge and modify the substantive rights of the litigants and the jurisdiction of the courts.

1. In our protective order entered under the authority of Pa. R. C. P. 4012, we shall direct that the oral depositions be taken in the judges' chambers in the City of Johnstown rather than in the office of plaintiffs' counsel, since depositions taken in such office may cause embarrassment to the witnesses. We would suggest that in the future counsel desiring to take oral depositions either seek an agreement as to the place they shall be taken or fix the Courthouse in Ebensburg or the judges' chambers in the City of Johnstown for this purpose.

2. Defendant contends on the authority of Fenerty v. Duffin et al., 347 Pa. 497 (1943), that a "bill of discovery" cannot be maintained to discover matters concerning which plaintiffs have the same means of information as defendant. Under the Pennsylvania Rules of Civil Procedure relating to discovery, as amended April 12, 1954, and effective July 1, 1954, the test is whether the information desired "will substantially aid in the preparation of the pleadings or the preparation or trial of the case": Pa. R. C. P. 4007(a). We think that it may well do so.

3. Discovery under Pa. R. C. P. 4007 is not limited to the parties. As originally adopted, this rule permitted depositions "of any party or person". In De-Simone et al. v. City of Philadelphia (No. 2), 79 D. & C. 337, it was held that the original rule contemplated persons who were not parties to the action. Whatever doubt there may have been as to the right to take depositions of third parties was removed by the wording of rule 4007 as amended in 1954 to include "any person, including a party.". . .

4. The fact that plaintiffs have already alleged certain facts in their complaint upon information and belief will not preclude discovery as to the facts con-

tained in such allegations. In Brecht et vir v. City of Philadelphia et al., 81 D. & C. 130, it was said: "The mere fact that a plaintiff alleges facts does not show or establish that he knows those facts or has means of obtaining them." See, also, Uhlinger v. Penna. Transfer Co., 12 Lawrence 60, and Klosterman et ux. v. Clark et al., 78 D. & C. 263.

5. As we understand the matters of inquiry contained in plaintiffs' notice to take oral depositions, they do not seek the disclosure of information secured in anticipation of litigation or in preparation for trial. In our protective order we will exclude all matters prohibited by Pa. R. C. P. 4011($d$). Defendant must keep in mind, however, that the fact that its counsel or insurance carrier has interviewed a witness will not prevent such witness from answering the inquiry of plaintiffs in regard to matters relevant to the accident.

6. Defendant seriously attacks the Pennsylvania Rules of Civil Procedure relating to discovery on two grounds: (a) That since Pa. R. C. P. 4023 provides that the Act of 1836, supra, as supplemented by the Act of 1857, is not suspended, it is the sole remedy for discovery. We can see no reason for the promulgation of an entire set of rules relating to discovery if the intention of the Supreme Court was that the sole remedy for discovery procedure should be that provided by the Act of 1836, supra. We believe this is clearly indicated by Pa. R. C. P. 128($b$), which provides that ". . . (b) That the Supreme Court intends the entire rule or chapter of rules to be effective and certain." While the Act of 1836 is still operative, we are satisfied that the Pennsylvania Rules of Civil Procedure 4001 to 4025 relating to depositions and discovery are also operative and a party may choose either proceeding.

(b). That the new discovery rules violate the stat-

ute which gave the Supreme Court the power to prescribe rules of civil procedure. The Act of June 21, 1937, P. L. 1982, as amended by the Act of March 30, 1939, P. L. 14, 17 PS §61, provides in part as follows:

"Provided, that such rules shall be consistent with the Constitution of this Commonwealth and shall neither abridge, enlarge nor modify the substantive rights of any litigant nor the jurisdiction of any of the said courts, nor affect any statute of limitations."

It will be noted that the Pennsylvania Rules of Civil Procedure "have the force of statute": Schofield Discipline Case, 362 Pa. 201, 209.

Defendant contends that Pa. R. C. P. 4007 enlarges the substantive rights of parties seeking discovery and the jurisdiction of the courts relative to discovery. Defendant suggests that the rules of discovery do not relate to adjective law but to substantive law. With this contention we do not agree. In 1 Standard Pa. Practice, 1 we find the following:

"Substantive law defines the rights which persons have and the duties which they owe to others; procedural law, or, as it is variously called, the remedial or adjective law, discusses the methods by which these duties and rights are enforced and protected."

For example, under the situation appearing in plaintiffs' complaint, defendant would be liable for plaintiff's injuries occasioned by her falling on defendant's stairway if plaintiff was free from contributory negligence and if defendant's negligence was the proximate cause of the plaintiff's injuries. These are the rights of the parties by substantive law and the Pennsylvania Rules of Civil Procedure shall neither abridge, enlarge or modify such substantive rights, nor the jurisdiction of the courts in applying such substantive rights.

Adjective, or remedial law, which the Supreme Court by the Act of 1937, supra, is permitted to abridge, enlarge or modify has been defined as "The

law which pertains to practice and procedure, or the legal machinery by which the substantive law is made effective": 1 C. J. S. 1468. Clearly we are concerned here with procedure and not with substance. We cannot agree with defendant's contention that it had a substantive, vested right to keep the mouths of its witnesses closed up to the time of the trial. In Agostin v. Pittsburgh Steel Foundry Corp. et al., 354 Pa. 543, 549, the court said:

"No one has a vested right in a statute of limitations or other procedural matters."

We are satisfied that plaintiffs are entitled to take oral depositions under Pa. R. C. P. 4007. We, therefore, enter the following protective order under Pa. R. C. P. 4012:

## Decree

And now, December 13, 1955, after argument, and upon due consideration, it is hereby ordered and decreed as follows:

1. That the oral depositions specified in plaintiffs' notice of October 12, 1955, given under the authority of Pa. R. C. P. 4007 be taken;

2. That they be taken in the judges' chambers in the City of Johnstown on Tuesday, December 20, 1955, at 1:30 p.m., or, if agreed by both parties, within 10 days of said date;

3. That they be taken before any officer authorized to administer oaths by the laws of the Commonwealth of Pennsylvania;

4. That the subject matter of the examination be limited to that requested in plaintiff's notice of October 12, 1955, excluding, of course, any matters protected by Pa. R. C. P. 4011(d).

## Exception

To all of which counsel for defendant except and pray that an exception be noted and bill sealed; all of which is, the day and year aforesaid, accordingly done.